UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARLOS CHINCHA,                                               **Docket No.:**

**COMPLAINT**

Plaintiff,

-against-

Jury Trial Demanded

MANOJKUMAR PATEL, in his individual and
professional capacities,

Defendant.
------------------------------------------------------------------X

Plaintiff, CARLOS CHINCHA (hereinafter "Plaintiff"), by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against MANOJKUMAR PATEL ("Defendant"), in his individual and professional capacities, alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendant's flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the prohibition against unlawful deductions of wages under New York Labor Law § 193(1); (iii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (iv) the requirement that employers furnish employees

with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. The Defendant is an individual who owns a residential building located at 95-13/17 Northern Boulevard a/k/a 32-56 96th Street Basement Apartment, Jackson Heights, New York 11372 (the "Building").  Plaintiff worked for Defendant as a superintendent and/or laborer at the Building from 2009 until his termination on September 16, 2017.  Throughout his employment, as described below, the Defendant required Plaintiff to work at least 64 hours a week, and to be on call for every hour during the remainder of every week.  However, Defendant failed to pay Plaintiff at the overtime rate of pay of one and one-half times his regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA requires.  Furthermore, Defendant unlawfully deducted wages from Plaintiff's salary in violation of NYLL.  Lastly, Defendant failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

## JURISDICTION AND VENUE

5. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7. Plaintiff is a resident of the State of New York and resides in Queens County.

8. At all relevant times herein, Defendant was the owner and general manager of the Building, and maintains his principal place of business at same.

9. At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA and NYLL. Specifically, Defendant's qualifying annual business exceeded $500,000, and Defendant was engaged in interstate commerce within the meaning of the FLSA as he used goods, equipment, and other materials in the course of his business, much of which originated in states other than New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise. Furthermore, Plaintiff was individually engaged in interstate commerce as he, on a daily basis, used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendant to the overtime wage requirements of the FLSA with respect to Plaintiff.

## BACKGROUND FACTS

10. Defendant is the owner and general manager of the Building.

11. Defendant made and makes all decisions with respect to employee pay rates, hours worked, job duties, and the issuance of wage statements and wage notices to employees. He also is responsible for hiring and firing all of his employees.

12. From in 2009 to on or about September 16, 2017, Plaintiff worked as a superintendent at the Building. Throughout his employment, his job consisted of collecting rent from the tenants and performing general maintenance duties in the apartments, including ensuring the cleanliness of the common areas of the building, responding to tenant complaints and concerns, repairing and painting walls, doors, and ceilings, installing and repairing cabinets, sinks, and other fixtures, and various electrical and plumbing repairs and installations for the apartments located in the Building.

3

13. Throughout his employment, Defendant required Plaintiff to work – and he did in fact work - from 7:00 a.m. to 5:00 p.m. Monday through Friday, and 8:00 a.m. to 3:00 p.m. on Saturday and Sunday, for a total of 64 hours per week. Defendant also required Plaintiff to remain close to the buildings and be available, or on call, at all other times of the week and the entire weekend. As a result, adding up those hours, Defendant required Plaintiff to work, and Plaintiff did in fact work, at least 64 hours per week, all for the Defendant's benefit. The Defendant also required Plaintiff to be engaged to wait to work, and Plaintiff was in fact engaged to wait to work, for the remaining 104 hours per week, again, all for the Defendant's benefit.

14. For his services, the Defendant paid Plaintiff a flat weekly salary of $300.00, which was intended and operates by law to compensate him only for his forty hours of work per week. In addition to his salary, the Company provided him with a rent-free apartment with an estimated rental value of $1,500 per month.

15. Defendant paid Plaintiff on a weekly basis by check and/or cash.

16. Plaintiff worked more than forty hours in all workweeks in which Defendant employed him. For example, from June 11, 2017 through June 17, 2017, Plaintiff worked 64 hours and Defendant paid him $300.00, which covered only the first forty hours that he worked that week.

17. Throughout his employment, Defendant did not pay Plaintiff at any rate of pay, let alone his overtime rate of pay for any hours that he worked in excess of forty per week.

18. In addition to not paying overtime wages, on several occasions Defendant made unlawful deductions from Plaintiff's salary. Specifically, from in or about May 2017 to August 2017, Defendant deducted $50.00 per week from Plaintiff's weekly salary – without his written or verbal consent - to pay an electrician who performed work in the Building. Additionally, on at

4

least four occasions during the last three years, Defendant deducted $100.00 from Plaintiff's salary – again, without his written or verbal consent - to pay porters for work they performed in the Building.

19. Additionally, Defendant paid Plaintiff in cash and/or check, on a weekly basis, without providing him with any wage statements that reflected the amount of hours that he worked, his regular rate of pay or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

20. Finally, Defendant intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendant; the name and physical addresses of Defendant; any "doing business as" names used by Defendant; and Defendant's mailing addresses and telephone numbers.

21. Defendant acted in the manner described herein so as to maximize his profits while minimizing his labor costs.

22. Every hour that Plaintiff worked was for Defendant's benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
### *Unpaid Overtime under the FLSA*

23. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay, or the minimum hourly rate of pay, if greater, for any hours worked exceeding forty in a workweek.

5

25. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

26. As also described above, Plaintiff worked in excess of forty hours per week, yet Defendant failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

27. The Defendant willfully violated the FLSA.

28. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his respective standard rate of pay.

29. Plaintiff is also entitled to liquidated damages and attorneys' fees for the Defendant's violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
Unlawful Deductions from Wages in Violation of the NYLL

30. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. NYLL § 193(1) prohibits employers from making any unlawful deductions from the wages of an employee.

32. As described above, on repeated occasions the Defendant deducted wages from Plaintiff's wages without his consent.

33. Plaintiff is entitled to all money unlawfully deducted from his wages throughout his employment.

34. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for the Defendant's violations of the NYLL.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

37. As described above, the Defendant willfully failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

38. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff for each workweek after the violation occurred, up to the statutory cap of $2,500.

39. ON or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

42. Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

43. Defendant willfully failed to provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

44. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

45. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

46. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and his agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff for HIS participation in any form in this lawsuit;

d. All damages that Plaintiff has sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendant's unlawful payment practices;

e. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  f. Awarding Plaintiff his costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  g. Pre-judgment and post-judgment interest, as provided by law; and

  h. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: New York, New York
   October 20, 2017

        Respectfully submitted,
        LAW OFFICES OF WILLIAM CAFARO

        _____/s/_____
        Louis M. Leon (LL2057)
        *Attorneys for Plaintiff*
        108 West 39th Street, Suite 602
        New York, New York 10018
        (212) 583-7400
        LLeon@Cafaroesq.com