

# LAW OFFICES OF WILLIAM CAFARO

*William Cafaro, Esq.*
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
www.cafaroesq.com

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

February 20, 2019

*Via ECF*
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Chincha v. Patel
              Case No.: 17-cv-06127-ILG-ST

Your Honor:

      This firm represents the named Plaintiff Carlos Chincha in the above-referenced action brought under the Fair Labor Standards Act and New York Labor Law against Defendant Manojkumar Patel. We write in respone to Defendant's request for a 30-day extension of the discovery deadline. Although we agree that an extension of the discovery deadline is necessary, we believe the deadline should be extended by 60 days. Furthermore, we vehemently dispute the deliberately inaccurate, imprecise and misleading account Defendants gave in their letter implying that the reason for the request is Plaintiff's alleged discovery deficiencies. On the contrary, Defendant and their counsel have willfully and repeatedly refused to comply with their discovery obligations, causing a dire need for this extension and perhaps even judicial intervention.

      By way of context, Defendant and their counsel have refused to furnish an abundant array of discovery, including but not limited to a sworn verification in response to interrogatories; complete tax returns for the relevant FLSA period and other related financial records even though they dispute the $500,000 threshold issue; and documentary evidence concerning interstate commerce and employees of the Defendant even though they explicitly deny FLSA jurisdiction. This has prevented Plaintiff from conducting depositions or otherwise prosecuting his case. Despite repeatedly sending deficiency letters, having multiple meet and confers with defense counsel, and threatening them with discovery sanctions, they have refused to comply. Before making their request for an extension, defense counsel drafted a joint letter, which contained several misrepresentations about the status of discovery including their contention that Plaintiff owed them discovery, a notion that we categorically dispute. As such, we did not join in on their request, but clearly advised them that we fully intended to move for sanctions against them and their client. On Monday of this week, defense counsel, Jason Mizrahi, contacted the

undersigned to state that his superior, Joshua Levin-Epstein, was out of the office due to the birth of his child and that he wanted to attempt to resolve the pending discovery dispute without burdening the Court.  In light of Mr. Levin-Epstein's circumstances and the defense's stated intention to work with us in good faith, we would like to attempt one last time to resolve the pending issues with finality within the next week or two.  If we are unable to do so, we will immediately move to compel and, if appropriate, seek available discovery sanctions against the defense for their willful disregard of their discovery obligations.

      We thank the Court for its attention and consideration to this matter.

    Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

*/s/ Louis M. Leon*
Louis M. Leon (LL 2057)

To: All Counsel *via* ECF