# LAW OFFICES OF WILLIAM CAFARO

*William Cafaro, Esq.*
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
www.cafaroesq.com

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

March 24, 2019

***Via ECF***
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Chincha v. Patel
                 Case No.: 17-cv-06127-ILG-ST

Your Honor:

This firm represents Plaintiff Carlos Chincha in the above-referenced action brought under the Fair Labor Standards Act and New York Labor Law against Defendant Manojkumar Patel. We write to compel Defendant and his counsel to provide revised discovery responses, without objections; produce all responsive and long overdue information/documents being withheld by Defendant; and, in light of Defendant's and his counsel's incessant dilatory conduct, to request an award of attorneys' fees associated with having to make the instant motion.[1]

### A. Defendant's and His Counsel's Failure to Satisfy Discovery Obligations

On September 18, 2018, we served discovery requests, including interrogatories, document requests, and requests for admissions. *See* discovery requests attached as **Exhibit 1**. On October 19th, we received deficient responses to these requests. *See* Defendant's responses attached as **Exhibit 2**. Among other things, the responses failed to (i) furnish a signed verification for interrogatories; (ii) organize and label documents to correspond to the categories in the requests, making it unclear if he had produced all relevant documents; (iii) produce tax returns and other related financial records; and (iv) and turn over evidence concerning enterprise coverage and showing that either Defendant or Plaintiff was engaged in interstate commerce. Additionally, in responding to document requests, Defendants objected without stating whether they were withholding documents.

For several weeks, we attempted to discuss the deficiencies with Defendant's counsel on the phone and threatened to move to compel if they did not rectify them; however, counsel was evasive and ultimately refused to discuss, let alone cure, any deficiencies until he received a

---

[1] We apologize for exceeding the Court's three-page limit. We required additional space to provide the full context of our extensive discovery dispute. We respectfully ask that the Court consider our entire submission.

formal deficiency letter. As such, on December 14th, we served a formal deficiency letter on Defendant. *See* deficiency letter attached as **Exhibit 3**. On December 28th, Defendant's counsel issued revised responses to interrogatories and document requests in which he still failed to provide a signed verification, organize and label documents, turn over complete tax returns, and all requested information regarding enterprise coverage, individual coverage and interstate commerce. *See* Defendant's revised responses attached as E**xhibit 4**. That day through January 3rd, we exchanged emails with Defendant's counsel highlighting their discovery deficiencies. However, again, despite warning Defendant and their counsel that we would seek judicial intervention and discovery sanctions against them, they failed to comply.

On February 15th, counsel spoke on the phone and exchanged emails regarding discovery deficiencies as well as a proposed joint letter to the Court requesting an extension of the discovery deadline. During these communications, we advised counsel that we would be moving to compel disclosure and seeking sanctions against them and their client. As the parties could not agree on the content of their proposed joint letter, each side filed their respective letters. On February 20th, we filed a letter outlining Defendant's blatant noncompliance and stating that if the parties were unable to resolve their discovery disputes, we would move to compel and seek discovery sanctions. [DE 19]. This prompted the Court to schedule a discovery hearing.

At the February 26th discovery hearing, the Court inquired about the cause for delay in discovery. The parties advised the Court that Defendant had agreed to promptly provide, *inter alia*, a signed verification; all requested tax returns (in exchange for a confidentiality agreement as to the returns); and organized and labeled documents corresponding to each request, showing clearly whether Defendants were withholding evidence. The Court ultimately extended the discovery deadline by 60 days. Immediately after the conference, Defendant's counsel further agreed to provide the full contact information of witness, Celso Perez, who we intend to depose and who currently works for Defendant.

### B. Defendant and His Counsel Continue Engaging In Dilatory Conduct

As Defendant's counsel did not furnish revised responses and document production, we emailed them earlier this month asking them to immediately comply. In the ensuing days, we corresponded with Defendant's counsel about a proposed confidentiality agreement and a firm timeframe to provide all outstanding discovery, stressing we would give them until March 19th to comply. On March 15th, the parties executed a confidentiality agreement, which was promptly approved by the Court. [DE 21].

On March 18th, Defendant's counsel provided second revised responses, containing many of the old deficiencies including new ones. *See* second revised responses attached as **Exhibit 5**. I immediately contacted Defendant's counsel to meet and confer about the deficiencies and ask why they were still in noncompliance almost three weeks after the discovery conference. Not only did Defendant's counsel concede the responses were inadequate and that there are several outstanding records, he could not give me a date certain by which they would comply.

#### 1. Failure to State Whether Relevant Records Are Being Withheld

In response to document requests #**1, 5, 11, 12, 30, 33, 35, 43, 44,** and **45**, Defendant and his counsel reverted to the deficiencies in their first revised responses by objecting and failing to indicate whether they were withholding documents pursuant to their objections, in violation of

Federal Rule of Civil Procedure ("FRCP") 34(b)(2)(C). As such, Plaintiff is entitled to know whether Defendant is withholding records and as to which requests, particularly where Defendant's counsel has already conceded that they have not disclosed all responsive records.

### 2. Incomplete Tax Returns and Other Germane Tax Records

In document request #**31**, we asked for all documents referring or relating to city, state, and federal taxes paid on behalf of Plaintiff for labor performed or hours worked during Plaintiff's employment. Defendant's counsel responded by generally referring us to 293 bates-stamped documents, even though not one of these documents show taxes remitted on behalf of Plaintiff, let alone mention his name in that context. In document request #**32**, we asked for the combined withholding, wage reporting, and unemployment returns forms (NYS-45 and Form 94) and all quarterly and yearly tax returns filed by defendant from 2014 to the present. In response, Defendants again refer us to the same 293 documents, which are missing tax returns for 2014 and 2018 and complete returns for 2015 through 2017. When I raised the deficiencies in their responses, Defendant's counsel conceded that the responses and document production (including tax returns) were incomplete, emphasizing that they needed more time to comply.

There's no dispute that these records must be produced. At the discovery conference Defendant's counsel stipulated to furnish them in exchange for a confidentiality agreement. This agreement was executed and So Ordered several days ago. Either way, where Defendant disputes the $500,000 threshold issue and further disputes FLSA coverage on the basis that it only employed one individual, as Defendant does here, Plaintiff is indubitably entitled to these documents to prosecute his case and contest any defenses.

### 3. Outstanding Employment and Payroll Records

In answering document request #**2**, Defendant averred that he did have any payroll records regarding Plaintiff. However, during our call, Defendant's counsel clarified that this answer was inaccurate, stating that his client "just remembered" – almost six months after being served with requests - that he has payroll and other employment records relating to Plaintiff, which he would furnish at some undetermined time in the future. This is text-book sandbagging. Defendant must turnover everything by a date certain or have this new evidence precluded.

### 4. Failure to State Plaintiff's Rates of Pay and Other Compensation

Interrogatory requests # **5** and **6** collectively ask Defendant to state whether Plaintiff was paid on a salary or hourly basis, provide the hourly or salary rate he was paid, and explain the time frames during which he was paid at the relevant rate(s). Defendant first generically responds that Plaintiff was paid a weekly salary and was given room and board. Defendant then essentially says that Plaintiff was paid pursuant to the law. Neither statement offers details which are even remotely responsive to the question posed. Furthermore, Defendant's counsel admits that he answered these requests ambiguously because his client is still searching for responsive payroll records. As such, this information must be immediately provided.

### 5. Outstanding Records Regarding Enterprise and Individual Coverage

Documents requests #**38** through **41** and **43** collectively request evidence concerning Enterprise Coverage (i.e., Defendant employed two or more employees during the relevant years,

his gross annual sales or earnings exceeded $500,000, and he was involved in interstate commerce) and Plaintiff's individual coverage (i.e., Plaintiffs personal involvement in interstate commerce). In response, Defendant either states incredulously that he does not have records or arbitrarily references documents not related to enterprise and individual coverage. Most notably, in response to document request # **43**,[2] Defendant neither produces a single document showing rent received from his tenants at the building nor alleges that he is not in possession of it, even though he admits that tenants pay rent by cash and check, which always leave a paper trial. The records relating to rental income are critical to show Defendant's gross annual sales/earnings, but also to establish that Plaintiff was individually involved in interstate commerce. Indeed, it is our position that Plaintiff, a superintendent tasked with collecting rent from dozens of residential and commercial tenants at the building, would regularly receive and handle checks (from various banks) for Defendant, which independently subjects Defendant to the FLSA's jurisdiction. Knowing this, Defendant and his counsel have withheld the requested records for over 6 months. They should be required to produce them without objections.

## 6. Incomplete Contact Information for Vital Witness And Initial Disclosures

Defendant claims he is not an "enterprise" under the FLSA since Plaintiff was allegedly his sole employee. Although Defendant agrees that Celso Perez performed work at the building while Plaintiff was employed there, he claims that Mr. Perez was an independent contractor. We have repeatedly advised counsel that we wish to depose Mr. Perez. However, as Defendant's counsel admitted during our last call, they have not provided Mr. Perez's full contact information, even though such information should have been provided in their initial disclosures and Mr. Perez lives at a building owned by Defendant. We cannot serve a deposition notice on Mr. Perez without his complete address. We ask the Court to order them to furnish it immediately and update their initial disclosures accordingly. Additionally, in response to interrogatory #18, Defendant and his counsel identified a new witness, Michael Katz, without including him in their initial disclosures or explaining the relevant information he has about the case. Accordingly, we also ask that the Court order them to do so.

In light of the foregoing, Plaintiff requests that the Court grant an Order compelling Defendant to revise their responses to document requests and interrogatories (as stated above) without objections.[3] Furthermore, we ask for an Order finding Defendant's counsel "jointly and severally liable with his clients for those fees [attorneys' fees associated with having to make a motion to compel], pursuant to Rule 37(b)(2)(c), which authorizes the Court to sanction 'the disobedient party, the attorney advising that party, or both,' in the amount of the reasonable fees incurred by the parties injured by their disobedience." *Sentry Ins. v. Brand Mgmt.,* 2012 U.S. Dist. LEXIS 179626, at *18 (E.D.N.Y. Dec. 19, 2012). Finally, since Defendant is still withholding evidence and has identified a new witness, we ask the Court to extend the discovery deadline to afford us enough time to finalize discovery without suffering any prejudice.

Respectfully submitted,
/s/
Louis M. Leon, Esq. (LL 2057)

---

[2] Due to an error, the request appears to ask for documents showing rent received by Defendant's tenants. Defendant's counsel has confirmed that he understood the request to mean rent received by his client from tenants.

[3] "A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." *Quartey v. Schiavone Construction Co., LLC,* 2013 WL 458064, at *3 (E.D.N.Y. Feb. 6, 2013).