# LEVIN-EPSTEIN & ASSOCIATES, P.C.

One Penn Plaza • Suite 2527 • New York, NY 10119
T: 212.792-0046
E: Joshua@levinepstein.com

March 25, 2019

*<u>Via Electronic Filing</u>*
The Honorable Magistrate Judge Steven Tiscione
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Chincha v. Patel*
      **<u>Case No.: 1:17-cv-06127-ILG-ST</u>**

Dear Honorable Judge Tiscione:

  This law firm represents Defendant Manojkumar Patel (the "Defendant") in the above-referenced action.

  Pursuant to Rule III(A) of Your Honor's Individual Motion Practices and Local Civil Rule 37.3(c), this letter respectfully serves as a response to Plaintiff's March 24, 2019 letter motion to compel (the "Motion to Compel").

  Respectfully, Plaintiff's counsel failed to satisfy his meet and confer obligations pursuant to Local Civil Rule 37.3(a) or Fed. R. Civ. P. 37(a)(1).

  As Local Civil Rule 37.3 makes clear, discovery disputes shall only be brought to the Court's attention after attorneys for the affected parties "cannot agree on a resolution." E.D.N.Y. Civ. R. 37.3(c). The rule requires that all affected parties attempt to confer in good faith to resolve the discovery dispute prior to seeking judicial resolution. Plaintiff's counsel made no such attempt prior to filing his March 15, 2019 letter.

  Notably, the March 15, 2019 letter fails to include a certification, in compliance with Local Civil Rule 37.3, of the parties' attempts to meet and confer.

  As to the substantive allegations in Plaintiff's Motion to Compel, there are a number of inaccuracies that require direct attention.

**I. Defendant's Responses and Objections to Plaintiff's Document Requests Comply with FRCP 34(b)(2)(C).**

  Defendant objected to Document Requests Nos. 1, 5, 11, 12, 30, 33, 35, 44 and 45 on the grounds of vagueness and ambiguity, in that they contain undefined terms of legal significance, and are consequently incapable of an accurate response.

  Notwithstanding Defendant's objection, Defendant's responses clearly refer Plaintiff to whatever bate-stamped documents were in Defendant's possession, that relate to the specific requests.

**II. Defendant's Provided Complete Tax Returns in his Possession**

  Defendant's responses to Document Requests Nos. 31 and 32 were appropriate. Defendant

furnished whatever relevant documents in his possession that relate to tax payments paid on behalf of Plaintiff.

### III. There are no Outstanding Employment or Payroll Records in Defendant's Possession

Plaintiff's Document Request No. 2 seeks "any and all payroll records generated by the Defendant relating to the payment of wages made to the Plaintiff."

Plaintiff was made aware, multiple times, that Defendant is not in possession of any responsive documents to this Request. Plaintiff's description of his most recent conversation with Defendant's counsel is false, and misleading.

Plaintiff's counsel was made aware that to the extent that any records relating to this Request exist – that they would be either in Plaintiff's possession, or in the possession of a third-party banking institution.

As such, Defendant's response to Document Request No. 2 is appropriate.

### IV. Interrogatories Nos. 5 and 6 Were Answered Properly

Defendant's responses to Interrogatories Nos. 5 and 6 were appropriate.

Interrogatory No. 5 states: "For the Plaintiff, set forth in specific detail how Defendant paid him, i.e. hourly, weekly salary, commissions, etc."

Defendant's response stated, "Plaintiff was paid a weekly salary, and was given room and board."

Interrogatory No. 6 states: "State the Plaintiffs' hourly or salary rate of pay, specifying the time frames for which said rate of pay applied, the manner in which it was determined, and the duties to which said pay rate applied if said pay rate changed according to his duties."

Defendant's response stated: "Throughout the relevant period, Plaintiff was paid the unit rate for janitors in residential buildings each week. His weekly rate of pay was determined pursuant to 12 NYCRR § 141-1.2. Said pay rate applies to his duties as a janitorial superintendent."

Accordingly, Defendant's responses to Interrogatories Nos. 5 and 6 were appropriate.

### V. There are no Outstanding Records Regarding Enterprise or Individual Coverage

Defendant has furnished all relevant documents in his possession that are responsive to Document Requests Nos. 38 – 41 and 43, subject to and without waiving the appropriate objections raised in connection therein.

### VI. Defendant Will Supplement his Production with Any Relevant, Non-Privileged Contact Information Regarding Mr. Perez and Mr. Katz He is Capable of Ascertaining with Reasonable Diligence

Plaintiff has recently been advised that Defendant is gathering additional information regarding Mr. Perez's contact. In addition, the other individual identified in Defendant's responses – Michael Katz – is Defendant's Certified Public Accountant, who is expected to possess information related to Defendant's claim that there was never more than one full-time employee working during the relevant period.

In light of the foregoing, Defendant respectfully requests that Plaintiff's Motion to Compel be denied, without prejudice.

Thank you, in advance, for your time and attention.

            Respectfully submitted,

            LEVIN-EPSTEIN & ASSOCIATES, P.C.

          By: /s/ Joshua Levin-Epstein
            Joshua Levin-Epstein
            1 Penn Plaza, Suite 2527
            New York, New York 10119
            Tel. No.: (212) 792-0046
            Email: Joshua@levinepstein.com
            *Attorneys for Defendant*