# LEVIN-EPSTEIN & ASSOCIATES, P.C.

One Penn Plaza • Suite 2527 • New York, NY 10119
T: 212.792-0046
E: Joshua@levinepstein.com

May 13, 2019

<u>*Via Electronic Filing*</u>
The Honorable Magistrate Judge Steven Tiscione
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Chincha v. Patel*
           **Case No.: 1:17-cv-06127-ILG-ST**

Dear Honorable Judge Tiscione:

    This law firm represents Defendant Manojkumar Patel (the "Defendant") in the above-referenced action.

    Pursuant to Rule III(A) of Your Honor's Individual Motion Practices and Local Civil Rule 37.3(c), this letter respectfully serves as a response to Plaintiff's May 6, 2019 letters (together, the May 6th Motion to Compel").

    Plaintiff's Motion to Compel inexplicably seeks sanctions against this law firm pursuant to Fed.R.Civ.P 37(b)(2)(c). Although the decision to impose sanctions is uniquely within the province of a district court, Courts nevertheless need to ensure that any such decision is made with restraint and discretion. *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998). Accordingly, the "[i]mposition of [financial] sanctions under a court's inherent powers requires a specific finding that [a party] acted in bad faith." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Moreover, inherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color; and (2) motivated by improper purposes." *Id*. "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Id*.

    Plaintiff's request as against this law firm is frivolous. The undersigned law firm has had numerous communications with Plaintiff's counsel via email and telephone conferences between the dates of March 25, 2019 and May 6, 2019. Thus, Plaintiff's May 6th Motion to Compel as against this law firm should respectfully be summarily denied.

    Plaintiff's request for a preclusion order and monetary sanctions against the Defendants pursuant to Fed.R.Civ.P 37(b)(2)(c) on the grounds that certain rental checks, tax returns, employment documents, and contact information of potential witnesses have not been produced, is also unwarranted for failure to satisfy the requisite showing of bad faith. Therefore, Plaintiff's motion must be denied.

    First, with respect to the 2014 tax return, this document was not contemplated as being part of Defendant's anticipated production following the April 1, 2015 hearing. *See* Dckt. Nos. 24, 25

(Ex. 1). Nevertheless, Defendant has already produced this document subject to the confidentiality order maintained in this Case. Thus, the demand for the 2014 tax return has been satisfied.

      Second, with respect to the "rental checks" from the years 2014 to 2017, Defendant has already requested copies of these responsive documents from his bank. The bank has not responded to Defendant's request, as of this date. As this office has previously made Plaintiff's counsel aware, the Defendant is not currently in possession of these records, does not maintain a copy of previously negotiated rental checks, and thus needs additional time to provide a copy of previously negotiated checks, to the extent such checks are even available to the Defendant.

      Third, the "employment and payroll" records referenced in the May 6th Motion to Compel were produced electronically as soon as they were in Defendant's possession. Thus, the demand for the "employment and payroll" records has been satisfied.

      Fourth, the contact information regarding potential witnesses were, in fact, produced on March 18, 2018 as part of Defendant's Supplemental Responses & Objections to Interrogatories. They were produced a second time in the form of Defendant's Supplemented Rule 26(a) Initial Disclosures provided on May 13, 2018.

      Plaintiff's characterization of Defendant's "willful disregard" urges on this Court an incorrect legal standard. "Where the nature of the alleged breach of a discovery obligation is the non-production of evidence," the alleged breach must be accompanied by some form of bad faith, deliberate concealment or vexatious purpose in order to justify sanctions under either Rule 37 or the Court's inherent power. *See, e.g.*, *Pall Corp. v. 3M Purification Inc.*, 279 F.R.D. 209, 213 (E.D.N.Y. 2011) (denying plaintiff's motion for sanctions where no prejudice could be demonstrated); *Edwards v. Schoenig,* 2013 WL 3491071, at *3 (E.D.N.Y. 2013) (motion for sanctions denied for lack of bad faith where defendants had been continually searching for the logbook in question and because defendants had turned over various other relevant documents). To date, Defendant has produced over 345 individual pages of responsive business and financial records, provided Rule 26 disclosures, supplemental disclosures. Defendant has also provided verified responses and objections to interrogatories, which have been supplemented as needed.

      In light of the foregoing, Defendant respectfully requests that Plaintiff's Motion to Compel be denied, without prejudice.

      Thank you, in advance, for your time and attention.

                  Respectfully submitted,

                  LEVIN-EPSTEIN & ASSOCIATES, P.C.

            By:  /s/ Joshua Levin-Epstein
                  Joshua Levin-Epstein
                  1 Penn Plaza, Suite 2527
                  New York, New York 10119
                  Tel. No.:  (212) 792-0046
                  Email: Joshua@levinepstein.com
                  *Attorneys for Defendant*