

*William Cafaro, Esq.*
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
*www.cafaroesq.com*

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

March 9, 2020

*Via ECF*
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:  Chincha v. Patel
        Case No.: 17-cv-06127-ILG-ST

Your Honor:

  This firm represents the named Plaintiff Carlos Chincha in the above-referenced action. We write in strong opposition[1] to Defendant's sixth - and likely not last - request to extend the discovery deadline. Defendant and his counsel have failed to do any substantive work on this case for over a year and continue taking every opportunity at their disposal to delay it. We earnestly ask that the Court deny their application in its entirety.

  The Court must consider the inescapable background of this case. We served responses to Defendant's first set of discovery requests back in **August 2018**. We then served responses to Defendant's second set of discovery requests in **December of 2018**. Since then, there have been six requests for an extension of the discovery deadline, the majority of which were made directly by and because of Defense counsel. In all their requests, including the latest one, defense counsel have stated that their "request is not made lightly."

  The Court has generously granted all of these requests, despite Defendant's numerous discovery infractions. **However, to date, defense counsel have inexplicably failed to depose anyone in this case, or even serve supplemental discovery requests. They do not even bother explaining to the Court why they have not done so.**

  At the last conference, which was held on December 4, 2019, we advised the Court that we were done with discovery (assuming discovery remained closed) and ready to proceed to trial. However, as a courtesy to Defendant, who claimed he needed additional time to conduct depositions and serve further discovery requests, we consented to extend the deadline. The

---

[1] To the extent that Defendant submits a reply to our opposition, which is not permitted under Your Honor's Individual Rules, we ask that the Court not consider it at all.

informal agreement was that Plaintiff would conduct further discovery if Defendant did so. Otherwise, Plaintiff would conserve his time and resources for the next stage of the case.

Following the conference and true to form, defense counsel did nothing on this case. No depositions. No paper discovery. No attempt to discuss settlement. Nothing. Finally, on Friday, March 6th - **more than three months after the last conference and two weeks before the latest discovery deadline** - defense counsel contacted us for the first time to allegedly confirm Plaintiff's deposition for Monday, March 9th.

As we were not available on that date and never received notice for that deposition, we replied that we would not be attending. Defense counsel subsequently asked us to consent to another extension of the discovery deadline. Before we had a chance to respond, they filed a letter making their request and **misrepresenting that it was "on consent of Plaintiff."** [DE 47].

Presently, we are not available to appear or take any depositions by March 20, 2020. We do not think that we should be required to do so. More importantly, we strongly believe that discovery should close on March 20th. Defendants and their counsel have had more than one year to conduct all relevant discovery, but have simply chosen not to do any of it.

The defense wishes to once more take advantage of the Court's generosity, at the expense of Plaintiff's time and resources. As a clear example, defense counsel argues that it is necessary to extend the deadline to April 30, 2020 so that the parties can "finalize depositions and issue anticipated supplemental discovery requests." However, it is clear that this suggested deadline would not be nearly enough to start and finish this extensive discovery. Thus, we ask that the Court wholly deny Defendant's request and reiterate that discovery closes on March 20, 2020. Any continuing delay and increase in fees/costs will heavily prejudice Plaintiff, who remains ready and willing to procced to trial.

We thank the Court for its attention and consideration to this matter.

> Respectfully submitted,
> LAW OFFICES OF WILLIAM CAFARO
>
> _____/s/_____
> Louis M. Leon (LL 2057)

To: All Counsel *via* ECF