

*William Cafaro, Esq.*
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
www.cafaroesq.com

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

March 25, 2020

***Via ECF***
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Chincha v. Patel
                Case No.: 17-cv-06127-ILG-ST

Your Honor:

      This firm represents the named Plaintiff Carlos Chincha in the above-referenced action. We write in opposition to Defendant's motion to compel Plaintiff's deposition, which Defendant filed without meeting and conferring with the undersigned as is required by Your Honor's Individual Rules. As noted in previous filings with the Court [DE 48], Defendant and his counsel have failed to do any substantive work on this case for over a year, flouted the Court's prior discovery orders, and delayed the case. Therefore, we request that the Court deny the defense's requested relief

      On March 10th, the parties had a phone conference with the Court to discuss Defendant's **sixth request** to extend the discovery deadline, which Plaintiff vehemently opposed. During the conference, Defendant's counsel was unable to explain why they failed to conduct a single deposition or serve supplemental paper discovery since receiving Plaintiff's discovery responses back in **December of 2018**. The Court criticized Defendant's counsel for his lack of diligence in this case and aptly noted that his eleventh-hour decision to conduct Plaintiff's deposition was not sufficient reason to extend the deadline. The Court further noted that Defendant's counsel had acted in bad faith by noticing Plaintiff's deposition with only two days notice. In the end, the Court reluctantly agreed to extend the discovery deadline from March 20, 2020 to March 31, 2020, **stressing that no further extensions would be granted**. [DE 49].

      Following the conference, Defendant's counsel reverted to business as usual, i.e., running out the discovery clock with the sole intention of requesting another extension of the discovery deadline. Indeed, Defendant's counsel first proposed holding Plaintiff's deposition on a date that they knew my office was not available. Then, despite us repeatedly requesting the defendant's availability for depositions, they waited at least five days to generally tell us that were available

during the month of March. As of today, they have not bothered to advise us of Defendant's availability or propose any concrete dates for Plaintiff's deposition.

Knowing that their motion to compel was frivolous, Defendant's counsel did not attempt to meet and confer with us prior to filing it. This is reason enough to deny their motion. Moreover, contrary to their cryptic insinuations, the COVID-19 pandemic has had absolutely nothing to do with their continued failure to schedule Plaintiff's deposition even after the last conference. Nothing at all. In fact, the first and only time defendant's counsel raised the issue of COVID-19 was in their motion. Clearly, defendant's counsel wish to use COVID-19 to evade accountability for their lack of due diligence in this action.

The defense's willful disregard of the Court's prior directives must not be rewarded. Simply put, they had an opportunity schedule Plaintiff's deposition, and once they again blew it. Thus, we ask that the Court deny Defendant's request in its entirety and reiterate that discovery closes on March 31, 2020. Any continuing delay and increase in fees/costs will heavily prejudice Plaintiff, who remains ready and willing to procced to trial.

We thank the Court for its attention and consideration to this matter.

                                       Respectfully submitted,
                                       LAW OFFICES OF WILLIAM CAFARO

                                       _____/s/_____
                                       Louis M. Leon (LL 2057)

To: All Counsel *via* ECF