

# LAW OFFICES OF
# WILLIAM CAFARO

| | | |
|---|---|---|
| *William Cafaro, Esq.* <br> *Partner* <br> ADMITTED IN NY, CA, MD & TX <br> Email: bcafaro@cafaroesq.com | 108 West 39th Street, Suite 602 <br> New York, New York 10018 <br> Telephone: 212.583.7400 <br> Facsimile: 212.583.7401 <br> www.cafaroesq.com | *Louis M. Leon, Esq.* <br> *Associate* <br> ADMITTED IN NY <br> Email: lleon@cafaroesq.com |
| *Amit Kumar, Esq.* <br> *Managing Attorney* <br> ADMITTED IN NY & NJ <br> Email: akumar@cafaroesq.com | | *Matthew S. Blum, Esq.* <br> *Of Counsel* <br> ADMITTED IN NY <br> Email: ablum@cafroesq.com |
| *Andrew S. Buzin, Esq.* <br> *Of Counsel* <br> ADMITTED IN NY, FL & DC | | *Deena L. Buchanan, Esq.* <br> *Of Counsel* <br> ADMITTED IN NM & NJ |

April 1, 2020

*Via ECF*
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: Chincha v. Patel
       Case No.: 17-cv-06127-ILG-ST

Your Honor:

  This firm represents the named Plaintiff Carlos Chincha in the above-referenced action. We write to respectfully request a protective order under Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP") related to Plaintiff's deposition, which Defendant has unreasonably noticed for April 3, 2020, once again with virtually zero notice and after Plaintiff's counsel expressly stated he is not available on that date. As Defendant's counsel, **Jason Mizrahi**, has categorically refused to consider alternative dates for Plaintiff's deposition or provide Defendant's availability for a deposition, we ask that the Court cancel the April 3rd deposition and order the parties' depositions to take place on the dates proposed in this letter. We also ask for monetary sanctions in connection with having to make this application.

  **A. Defense Counsel Has Repeatedly Noticed Plaintiff's Deposition In Bad Faith**

  **The First Time**

  On **three consecutive occasions** during the last month, **Mr. Mizrahi** has noticed Plaintiff's deposition with only **1-3 day's** notice. In fact, during the March 8, 2020 telephone discovery conference, Your Honor explicitly chastised **Mr. Mizrahi** for noticing Plaintiff's deposition with only **1-2 days** notice, stressing that Your Honor would not have compelled Plaintiff's deposition if Defendant had moved to compel his deposition or held him in contempt for failing to appear.

During the March 27, 2020 telephone conference related to Defendant's **sixth (6) request** for an extension of the discovery deadline, the Court criticized **Mr. Mizrahi** for continuing to notice depositions last minute, causing unnecessary scheduling disputes between counsel. Ultimately, the Court extended the discovery deadline, but stated that counsel needed to meet and confer about a comprehensive deposition schedule by close of business that day.

**The Second Time**

Following the conference - but without bothering to confer with his client or with Plaintiff's counsel - Mr. Mizrahi emailed the undersigned a deposition notice directing Plaintiff (an elderly man who lives in Connecticut) to appear in person at Mr. Mizrahi's office on April 1, 2020. *See* **Exhibit 1**. This notice was made with clear malicious intent. First, during his previous letter filing and at the March 27th conference, Mr. Mizrahi claimed that the COVID-19 pandemic was cause for real concern and delay in scheduling depositions. [DE 53]. In fact, during the conference, it was agreed that all depositions would be held remotely, so as to not jeopardize anyone's health. However, within minutes of the conference ending, Mr. Mizrahi unreasonably demanded that we take that very risk. Second, and true to form, this notice gave us **less than three days' notice**, something which the Court has already held is improper.

Close to 5:00 p.m. that day, Mr. Mizrahi finally contacted the undersigned to discuss deposition schedules. During the call, we told Mr. Mizrahi that we had been calling our client but been unable to reach him. More importantly, we unambiguously told Mr. Mizrahi that he had not given us sufficient notice for the deposition and that appearing in person presented a health hazard, reminding him that we had agreed to take remote depositions. Either way, Mr. Mizrahi stated that was how he intended to proceed. As to Defendant's availability, Mr. Mizrahi failed to discuss it with us despite our numerous attempts to do so. About an hour later and without consulting with us, Mr. Mizrahi filed an unsolicited status letter spouting misrepresentations about our communications and stating that he had noticed Plaintiff's deposition and would proceed accordingly. [DE 53]. However, to undoubtedly mislead the Court, Mr. Mizrahi hid that (1) he had noticed the deposition with less than three days notice, (2) the notice demanded Plaintiff to appear in person and (3) Plaintiff's counsel had not been able to reach Plaintiff yet.

On Monday, March 30th, Plaintiff's counsel called Mr. Mizrahi at least five (5) times to discuss the deposition schedule. *See* **Exhibit 2.** I even emailed Mr. Mizrahi noticing Defendant's deposition for April 9, 2020.[1] *See* **Exhibit 3**. Despite Mr. Mizrahi sending the undersigned countless emails during that time, he ignored all of our calls and voicemails. *Id*. Once we told Mr. Mizrahi that we would be initiating motion practice due to his failure to confer with us, he finally called us back. *Id*. During the call, we reiterated that April 1st was short notice, that we hadn't been able to get in touch with Plaintiff, and that depositions needed to be held virtually. *Id*.

Recognizing that his notice was wholly improper, Mr. Mizrahi agreed to cancel the April 1st deposition and conduct it remotely at a later time, indicating that he was interested in deposing Plaintiff on April 3, 2020. *Id*. **I immediately replied that I was not available on that day and that it was still short notice, especially since I hadn't been able to reach my client.** *Id*.

---

[1] Mr. Mizrahi has previously represented to the Court that he and his clients can make themselves available on any day of our choosing. Thus, this should not present an issue.

Looking to accommodate Ms. Mizrahi and to ensure the prompt scheduling of Plaintiff's deposition, I asked him for his availability for both the week of April 6th and April 13th. *Id*. Mr. Mizrahi zealously stated he would not propose or consider a single date beyond April 3rd because he did not want to conduct the deposition so close to the April 20th deadline for filing pre-motion letters related to motions for summary judgment. *Id*. I reminded him that the Court had given us up to April 20th to finish discovery and that he could not unilaterally refuse to conduct depositions beyond April 3rd simply because he did not want to do so. *Id*. However, he did not change his position.

As for Defendant's deposition, Mr. Mizrahi refused to tell me if his client would appear for his deposition on April 9th and abruptly hung up the phone.

### The Third Time

Within a few minutes of this call, Mr. Mizrahi emailed the undersigned noticing Plaintiff's deposition for April 3rd. *See* **Exhibit 4.** Since then, Mr. Mizrahi has repeatedly emailed the undersigned reiterating that he will be proceeding that day and threatening that he will demand that the Court hold us in contempt if we do not comply. This has made crystal clear that Mr. Mizrahi is not interested in reaching a compromise or dealing in good faith. He wants to either proceed in violation of the Court's prior directives or create another instance in which the discovery deadline is extended. Neither should be permitted. Given that FRCP 26(c) empowers the Court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," we ask that the Court cancel this scheduled deposition.

### B. The Proposed Deposition Schedule

Yesterday evening, I was finally able to speak to my client. We are available to produce him for his remote deposition on April 14, 15, or 16. Accordingly, we ask that the Court enter an Order directing defense counsel to depose Plaintiff on one of those days and stating that they will waive their rights if they fail to do so. Also, we ask that the Court enter an Order directing Defendant to appear for his remote deposition on April 9, as previously noticed.

We thank the Court for its attention and consideration to this matter.

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____/s/_____
Louis M. Leon (LL 2057)

To: All Counsel *via* ECF