**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
_____
420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

May 7, 2020

**_Via Electronic Filing_**
The Honorable Magistrate Judge Steven Tiscione
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Chincha v. Patel*
              **Case No.: 1:17-cv-06127-ILG-ST**

Dear Honorable Judge Tiscione:

      This law firm represents Defendant Manojkumar Patel (the "**Defendant**") in the above-referenced action.

      Pursuant to Your Honor's Individual Motion Practice Rule I(A), this letter respectfully serves as a response to the May 7, 2020 letter [Dckt. No. 58] of Plaintiff Carlos Chincha ("**Plaintiff**" or "**Chincha**") requesting[1]: (i) to stay the May 8, 2020 dispositive motion practice filing deadline, *sine die*, and; (ii) leave to submit a *fourth* motion for sanctions ("**Plaintiff's Motion**").

      We respectfully request that the Court maintain tomorrow's deadline for the beginning of dispositive motion practice so that Defendant can file his Motion for Summary Judgement, which is ready to be filed, in accordance with this Court's Order dated April 7, 2020 [Dckt. No. 57]. To the extent the Court permits Plaintiff to file a motion for sanctions, we simply do not see how this would affect the deadline to file dispositive motions for summary judgment. Indeed, according to Plaintiff's Motion, he states that:

> "To be clear, we are asking that discovery remain open **solely** for the purpose of Plaintiff making a motion for sanctions and other related relief against Defendant and/or his counsel."

[Dckt. No. 58] (original emphasis). By admission, then, the sole purpose of said motion has nothing to do with a motion for summary judgment. Thus, the deadline date of May 8, 2020 should respectfully be maintained for the filing of motions for summary judgment, especially given the procedural history of this case wherein the Court repeatedly cautioned the parties about the maintenance of the dispositive motion deadline. [*See* Dckt. No. 52].

      As set forth more fully below, Plaintiff's Motion has no merit and is demonstrative of the type of "vexatious, wanton and oppressive litigation tactic[s] that that the Federal Rules of Civil Procedure and the inherent authority of federal courts to control the conduct of those who appear before them are designed to remediate and discourage". *See Quinio v. Aala, No.* 2016 WL 2599120, at *4 (E.D.N.Y. 2016).

---

[1] Plaintiff's request is being made less than forty-eight (48) hours in advance of the scheduled May 8, 2020 deadline.

I. **Relevant Procedural Background**

This Court has recently, by three separate orders, instructed the parties concerning the deadline date for beginning dispositive motion practice. [Dckt. Nos. 49, 52, and 57]. By Order dated March 27, 2020 [Dckt No. 52], this Court ordered as follows:

"The deadline for beginning dispositive motion practice remains April 20, 2020. **As previously stated, the Court will not entertain any further requests to adjourn this date.**"

[Dckt. No. 52] (emphasis added). Because of problems scheduling a mutually agreeable date to hold the deposition of Plaintiff, as outlined in detail in Defendant's letter filed on April 2, 2020 [Dckt No. 55], the Court modified the dispositive motion deadline date from April 20, 2020 through and including May 8, 2020. Thus, this Court, on three separate occasions [Dckt. Nos. 49, 52, and 57], instructed the parties on the Court's reluctance to move the deadline date for dispositive motion practice.

Now, one-day before the May 8, 2020 deadline, Plaintiff is requesting an extension of the dispositive motion practice deadline. This is simply unfair and unprofessional. Because of Plaintiff's gamesmanship in avoiding the scheduling of Plaintiff's deposition [*see* Dckt No. 55], Defendant had to work feverishly since the completion of Plaintiff's deposition on April 23, 2020 to be in a position to complete his motion for partial summary judgment and had to incur a substantial rush charge in ordering the deposition transcript of Plaintiff. Plaintiff's counsel never bothered to reach out about an accommodation to the schedule before mid-day today.

In fact, Plaintiff's counsel only reached out today after the undersigned had contacted him, by email, to set a briefing schedule on Defendant's contemplated motion, in accordance with Hon. Senior Judge Glasser's Individual Rule IV. Plaintiff's counsel would not agree on a briefing schedule. Thus, we respectfully request that Your Honor so-order a schedule that permits Plaintiff 21-days to respond to Defendant's contemplated motion for summary judgment and, in turn, Defendant 14-days to reply, as set forth below.

II. **Plaintiff is Admittedly Engaging in Oppressive Litigation Tactics**

Plaintiff's Motion is a deliberate attempt to circumvent the fast-approaching dispositive motion deadline and needlessly prolong the litigation, at Defendant's expense.

Plaintiff has a pattern of engaging in meritless sanction motions, rife with inappropriate *ad hominem* attacks and rank speculation. This is Plaintiff's *fourth*[2] such motion for sanctions.

---

[2] Plaintiff's First Motion for Sanctions was filed on March 24, 2019 [Dckt. No. 22] and subsequently denied on April 1, 2019 [Dckt. No. 24]. Plaintiff's Second Motion for Sanctions was filed on May 6, 2019 [Dckt. No. 26] and subsequently denied on May 27, 2019 [Dckt. No. 30]. Plaintiff's Third Motion for Sanctions was filed on April 1, 2020 [Dckt. No. 54] and subsequently denied on April 7, 2020 [Dckt. No. 57].

Plaintiff's three previous applications for sanctions, which were all summarily denied, failed to articulate a legitimate good-faith basis, or citation to relevant legal authority.

Plaintiff is once again urging this Court to entertain a *fourth* motion, without providing citation to any relevant legal authority or factual support, on the eve of the dispositive motion practice filing deadline.

The oppressive motive behind Plaintiff's motion practice was made abundantly clear during the April 10, 2020 deposition of Plaintiff Manojkumar Patel, when Plaintiff's counsel boldly remarked:

**Mr. Leon**: I have reasonable hours left of deposing you. So the more you argue, the longer we're going to take with this…**You're the one paying on an hourly basis not me.**

**Mr. Patel**: I'm not worried about that one.

**Mr. Leon:** Of course you're not. **I'm glad to know that.** So I'll continue.

*See* **Exhibit "A"**, Patel. Tr. at 264: 12-20 (emphasis added). We respectfully further refer the Court to our letter dated April 2, 2020 [Dckt No. 55] that recites the type of gamesmanship Plaintiff's counsel has been engaging in.

The above-exchange speaks for itself. And, as will be shown in Defendant's motion for summary judgment, Plaintiff's attorney, throughout this proceeding, has interposed meritless discovery demands simply to increase defendant's legal fees in an effort to extract a settlement.

As the immemorial cliché goes, *this is the pot calling the kettle black*. Plaintiff's counsel is deserving of sanctions for outrageous conduct at the depositions conducted in this case. For example, at the April 23, 2020 deposition of Plaintiff Carlos Chincha, Plaintiff's counsel literally **objected to every single line of questioning**[3], directed Mr. Chincha to not answer basic questions, interjected himself into the deposition, and engaged in improper speaking objections. He instructed Plaintiff not to answer questions no less than **twenty-six (26)** times. *See Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 (S.D.N.Y. 2019) (awarding sanctions where plaintiff's counsel's conduct unnecessarily extended the length of deposition and seriously disrupted Defendants' ability to obtain testimony from witness); *see also* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2113, 556 (3d ed. 2010) (noting limitation on instructions to not answer because of potential disruptiveness).

He also screamed at and pointed his finger at Plaintiff. *See* Ex. "A", Patel Tr. at 322:5; 352:10-12.

---

[3] Plaintiff's counsel objected approximately 432 times during the course of Plaintiff's deposition. *See* Exhibit "B", Chincha Tr. at i13.

Respectfully, Plaintiff's oppressive conduct should not be encouraged, and the request for leave to file a *fourth* motion for sanctions should be denied. *See Quinio*, 2016 WL 2599120, at *4 (plaintiff's motion for sanctions lacking factual or legal support was a "vexatious, wanton and oppressive litigation tactic" that could, itself, warrant sanctions).

### III. This Court Should Set a Briefing Schedule for Defendant's Anticipated Motion for Summary Judgment

Lastly, this letter respectfully serves as a request to so-order a briefing schedule for Defendant's anticipated Motion for Summary Judgment since Plaintiff's counsel refused to consent to any schedule. The proposed briefing schedule is as follows:

1. Defendant's Motion for Summary Judgment to be filed on or before: May 8, 2020;

2. Plaintiff's Opposition to be filed on or before May 29, 2020;

3. Defendant's Reply to be filed on or before June 12, 2020

Thank you, in advance, for your time and attention.

    Respectfully submitted,

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

    By: */s/ Jason Mizrahi*
        Jason Mizrahi
        420 Lexington Avenue, Suite 2525
        New York, NY 10170
        Tel.: (212) 792-0048
        Email: Jason@levinepstein.com
        *Attorneys for Defendant*

Cc: All Parties via ECF