# EXHIBIT D

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
_____
420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

April 2, 2020

*Via Electronic Filing*
The Honorable Magistrate Judge Steven Tiscione
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Chincha v. Patel*
     **Case No.: 1:17-cv-06127-ILG-ST**

Dear Honorable Judge Tiscione:

  This law firm represents Defendant Manojkumar Patel (the "**Defendant**") in the above-referenced action.

  Pursuant to Your Honor's April 1, 2020 Order [Dckt. No. 55], this letter respectfully serves as a response to the April 1, 2020 letter [Dckt. No. 54] of Plaintiff Carlos Chincha ("**Plaintiff**" or "**Chincha**") seeking a protective order ("**Motion for Protective Order**") with respect to the duly noticed remote deposition set for this Friday, April 3, 2020. As set forth more fully below, Plaintiff's Motion for Protective Order has no merit and is demonstrative of Plaintiff's gamesmanship in avoiding multiple duly noticed depositions in this proceeding.

   **I.** **Plaintiff's Counsel Violated This Court's Order of March 27, 2020**

  By Order dated March 27, 2020 (the "**March 27th Order**"), Your Honor instructed the parties as follows:

> "For the reasons stated on the record, Defendant's MOTION to Compel [Dckt. No. 50] is granted in part and denied in part. **Counsel will confer and schedule any remaining depositions no later than close of business today**. The deadline for beginning dispositive motion practice remains April 20, 2020. As previously stated, the Court will not entertain any further requests to adjourn this date.

(emphasis added) [Dckt. No. 52]. A copy of the March 27th Order is attached hereto as **Exhibit "A"**.

  At 11:14 a.m. that same date, shortly following the end of the telephonic conference before this Court, the undersigned noticed Plaintiff's deposition via email. A copy of said email is attached as **Exhibit "B"**. Plaintiff's counsel did not respond to said email. Later in the afternoon, on the same date, at 4:26 p.m., the undersigned sent a follow-up email, called Plaintiff's counsel and left a message to discuss Plaintiff's deposition. When Plaintiff's counsel returned said call at 4:54 p.m., Plaintiff's counsel informed that undersigned that he had not even contacted his client to check on his availability for a deposition. The undersigned then informed this Court of these developments by letter dated March 27, 2020. [Dckt No. 53]. Therefore, Plaintiff violated the

1

March 27th Order that the directed the parties to "**schedule any remaining depositions no later than close of business today."**  (emphasis added) [Dckt. No. 52]; Ex. A.

### II. Plaintiff Has Obstructed Six Duly Noticed Depositions

As an initial matter, it is Plaintiff that has thwarted six duly noticed depositions. Set forth below is the relevant procedural history demonstrating that Plaintiff is engaging sharp practice to avoid his deposition.

**1. Plaintiff Failed to Appear at a Deposition Noticed on May 30, 2018 for a Deposition to be Held on July 13, 2018**

Plaintiff's deposition was first noticed once on May 30, 2018 for July 13, 2018. *See* **Exhibit "C"** [July 25, 2018 Deficiency Letter]. Plaintiff failed to appear for his July 13, 2018 deposition despite having nearly two (2) months' notice.

On December 14, 2018, Plaintiff submitted[1] a joint letter requesting that the Court extend the fact discovery completion deadline through February 15, 2018, as Plaintiff failed to appear for his July 13, 2018 deposition. [Dckt. No. 16]. On December 17, 2018, the Court granted the parties' request and further ordered that Plaintiff's deposition must occur by no later than February 15, 2019. [Dec. 17, 2018 Electronic Order].

Following an in-person hearing held on February 26, 2019, the Court extended the deadline for completion of discovery to April 26, 2019. [Dckt. No. 20].

**2. Plaintiff Failed to Appear at a Deposition Noticed on April 8, 2019 For a Deposition to be Held on June 14, 2019**

On April 8, 2019, Defendant re-noticed Plaintiff's deposition to June 4, 2019. *See* **Exhibit "D"** [April 8, 2019 Notice of Deposition]. Plaintiff failed to appear for his June 4, 2019 deposition despite having nearly two (2) months of notice.

As a result of several discovery-related issues, the Court extended the fact discovery completion deadline to November 21, 2019 [Dckt. No. 38].  By way of limited background, Plaintiff propounded discovery demands for copies of physical paper checks were not in Defendant's custody that required the undersigned law firm to subpoena Defendant's bank to obtain said records that complicated and extended the paper discovery process.

Following an unsuccessful Settlement Conference held on December 12, 2019, the Court extended the discovery completion deadline to March 20, 2020. [Dckt. No. 46].

---

[1] Plaintiff's Motion for Protective Order inaccurately mischaracterizes previous extension requests as being unilaterally made by Defendant. [*See* Dckt. No. 52 at p. 2]. At best, this characterization is grossly negligent. At worst, it is a knowing misrepresentation.  *See* Section V, *infra*.

2

### 3. Plaintiff Failed to Appear at a Deposition Noticed on February 24, 2020 For March 9, 2020.

On February 24, 2020, the undersigned re-noticed Plaintiff's deposition to March 9, 2020. *See* **Exhibit "E"** [February 24, 2020 Notice of Deposition]. Plaintiff failed to appear for his March 9, 2020 deposition.

At a telephonic hearing held on March 10, 2020, the Court extended the discovery deadline date to March 31, 2020. [Dckt. No. 49].

### 4. Plaintiff Refused to Appear at a Deposition Noticed on March 11, 2020 for March 18, 2020

On March 11, 2020, the undersigned re-noticed Plaintiff's deposition to March 18, 2020. *See* **Exhibit "F"** [March 11, 2020 Notice of Deposition]. Once again, Plaintiff refused to appear for his duly noticed deposition.

In an effort to be as flexible and accommodating as possible, the undersigned emailed Plaintiff's counsel on March 16, 2020 and advised him that Defendant's counsel could accommodate *any date & time* prior to the March 31, 2020 discovery deadline. *See* **Exhibit "G"** [March 16, 2020 Email]. Plaintiff's counsel, once again, refused to provide the undersigned with his client's availability.

### 5. Plaintiff Refused to Appear at a Deposition Noticed on March 27, 2020 for April 1, 2020

On March 27, 2020, the undersigned re-noticed Plaintiff's deposition to April 1, 2020. *See* **Exhibit "H"** [March 27, 2020 Notice of Deposition].

On close of business on March 27, 2020, the undersigned filed a status letter informing the Court that the parties held a phone call wherein Plaintiff's counsel: (i) confirmed receipt of the March 27, 2020 Notice of Deposition; (ii) failed to confirm his client's availability for a future date and time; and, notably, (iii) failed to raise the matter of scheduling Defendant's deposition. [Dckt. No. 53].

### 6. Plaintiff Refused to Appear at a Deposition Noticed on March 30, 2020 for April 3, 2020, Wherein Defendant Agreed to a Remote Deposition

On March 30, 2020, via telephone, the parties discussed the scheduling of the April 1, 2020 deposition. When asked what efforts Plaintiff's counsel had made to contact his client, Plaintiff's counsel refused to respond. Plaintiff's counsel simply stated that his client would not be available on April 1, 2020. Plaintiff's counsel, again, failed to confirm his client's availability for a future date and time

In an effort to be as flexible and accommodating as possible, while still being mindful of the dispositive motion practice deadline of April 20, 2020, the undersigned re-noticed Plaintiff's deposition to April 3, 2020. *See* **Exhibit "I"** [March 30, 2020 Notice of Deposition].

The undersigned also agreed to conduct the deposition remotely.

### III. The Record in This Proceeding Demonstrates that Defendant Has Made Many Good Faith Efforts to Schedule Plaintiff's Deposition on a Mutually Agreeable Date but Plaintiff Has Not Cooperated

Plaintiff's counsel has not timely or meaningfully responded to multiple email entreaties to schedule Plaintiff's deposition for a mutually agreeable date and timely. For example, after Plaintiff unilaterally broke the deposition scheduled for March 9, 2020, the undersigned law firm emailed Plaintiff's counsel no less than *four times* between March 6, 2020 and March 11, 2020, to arrange for Plaintiff's deposition. *See* **Ex. "F"** [March 11, 2020 email chain]. These emails beseech Plaintiff' counsel "**[w]e are trying to work with you here**." *See id* (emphasis added). Plaintiff's counsel did not respond with a date certain or a substantive response.

It is clear that Plaintiff's was engaged in gamesmanship to run out the clock on the discovery deadline date of March 31, 2020.

#### 1. Defendant Timely Filed a Motion to Compel on March 18, 2020

On March 18, 2020, Defendant filed a motion to compel Plaintiff to appear for his deposition on any date and time set by Your Honor on or before the March 31, 2020 discovery deadline [Dckt. No. 50]. Pursuant to the March 27th Order, the parties were required to confer and schedule any remaining depositions by March 27, 2020 [Dckt No. 52]. As set forth above, Plaintiff's counsel did not provide his client's availability.

### IV. Plaintiff's Depositions were Duly Noticed Pursuant to Fed. R. Civ. Pro. 30(b)

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Neither the Federal Rules of Civil Procedure nor the Rules of this Court require any specific minimum notice period; all that is required is that the notice be reasonable under the circumstances." *JB Aviation, LLC v R Aviation Charter Services, LLC*, 2016 WL 4444794, at *3 (E.D.N.Y Aug. 23, 2016). Given the procedural history of this action, each notice of Plaintiff's deposition was reasonable and there is simply no merit to Plaintiff's contention of *short service*.

Courts have held that depositions that were noticed under similar circumstances to be reasonable. *See Fu v Consol. Edison Co. of New York, Inc*., 2018 WL 4373995, at *5 (S.D.N.Y. Sept. 13, 2018) (rejecting plaintiff's argument that he should not be sanctioned for failing to appear for his deposition because he only received notice eight days beforehand); *Palmer v Ultimate Tech., Inc*., 2006 WL 8456596, at *1 (W.D.N.Y Nov. 28, 2006) (deposition noticed prior to expiration of discovery deadline was reasonable, rejecting assertion of untimeliness,

4

unaccompanied by bad faith or prejudice); *F.A.A v. Landy*, 705 F.2d 624, 634–35 (2d Cir. 1983) (four days' notice of deposition found reasonable).

Even assuming, *arguendo*, that Defendant's deposition notices of March 11, 2020 for March 18, 2020 and March 27, 2020 for April 1, 2020, respectively, seemingly provide short notice, Plaintiff failed to timely move for a protective order under Fed. R. Civ. P. 26(c)(2) and said notices were made in accordance with this Court's discovery deadline dates.

As set forth in **Ex. "F"** [March 11, 2020 email chain], the undersigned law firm has endeavored in good faith to set a mutually agreeable date and time for Plaintiff's deposition. Those efforts have not been reciprocated, as evidenced by Plaintiff's failure to identify a single date for Plaintiff's deposition in accordance with this Court's March 27th Order.

### V. Plaintiff's Counsel is Deliberately Misrepresenting the Facts Concerning the Basis of Extending the Discovery Deadline Date in December 2019

Plaintiff's attempt to characterize Defendant as dilatory is simply revisionist history.

As an initial matter, it is Plaintiff that failed to show up for two depositions duly noticed for July 13, 2018 and June 14, 2019, respectively. These depositions had been duly noticed. Plaintiff then refused to discuss the scheduling of Plaintiff's deposition until paper discovery had been completed.

The parties agreed to stay depositions until certain other paper discovery issues had been settled and the parties also agreed to hold the depositions only after all attempts at settlement had been exhausted before incurring the "financial and incidental costs, risks, delays, distraction and anguish associated" with depositions. [Ind. Practice. R. II, Hon, Steven L. Tiscione]. Plaintiff is fully aware of the extraordinary lengths Defendant had to go obtain documents that were not in the possession or control of Defendant. By way of background, Plaintiff propounded document requests for physical rental checks from Defendant. Defendant did not have physical copies and the bank did not maintain copies of the check electronically via Defendant's bank portal access. To obtain said records, Defendant had to subpoena its own bank. Not surprisingly, the bank did not immediately turn over the records. This took time and necessitated the filing of a motion to compel. When document discovery was finally completed, the parties agreed to exhaust the possibility of settlement in order to avoid the costs associated with deposition and summary judgment practice. The record is clear.

At the May 22, 2019 discovery conference, the parties had the following colloquy before the Court:

**MR. LEVIN-EPSTEIN**: And, your Honor, I just want to clarify for the record that we also noticed Plaintiff's deposition. We're amenable to extending the dates provided that the Court permits us to do so.

**MR. LEON**: **Just to be clear, we never – I think we had said that we would wait until**

**this was all resolved before discussing a date**. No date was ever confirmed for that deposition. It was just notice with an arbitrary date that was never written in stone.

      THE COURT: All right.

      [Dckt No. 33 at p. 33 lns. 9-18] (emphasis added).  Thus, it is clear that Plaintiff had agreed to stay Plaintiff's deposition until paper discovery had been completed.

      As set forth above, the completion of Defendant's paper discovery had been complicated by non-party Citibank, N.A. – not Defendant.  Citibank, N.A. did not initially comply with the subpoena issued by Defendant.  Accordingly, on July 29, 2019, Defendant filed a motion to compel Citibank, N.A.'s compliance.  Attached as **Exhibit "J"** is said motion. [Dckt. No. 32].

      By letter dated, August 6, 2019, the undersigned informed the court that on August 5, 2019, Defendant had produced more than 2,300 pages of documents to Plaintiff.  [Dckt. No. 34].  After August 2019, Defendant had petitioned the Court to further extend the discovery deadline date in order to exhaust the possibility of settlement and avoid the significant costs associated with depositions.  By letter motion dated November 21, 2019, Defendant petitioned the Court, as follows:

> By way of background, Your Honor had scheduled a settlement conference on December 4, 2019 at 11:00 a.m. [See Dckt. No. 38]. Extending the fact discovery deadline would provide the additional time to continue settlement discussions. Should the parties have to move forward with depositions prior to the Settlement Conference, they would incur significant costs and expenses that would drastically impair the prospect of any settlement. Thus, the parties respectfully request a short extension of time to complete fact discovery while settlement discussions are ongoing.

Attached as **Exhibit "K"** is said motion. [Dckt. No. 39].

      As the parties were unable to accomplish a settlement at the December 18, 2019 settlement conference before this Court, Your Honor extended the discovery completion date to March 20, 2020 and the beginning of dispositive motion practice to April 20, 2020.  [Dckt No. 46].  One month before the discovery completion date and two months before the beginning of dispositive motion practice, Defendant noticed Plaintiff's deposition for March 9, 2020.  Plaintiff has been playing games ever since.

      It should further be noted that Plaintiff's counsel had limited availability in January for a deposition because of a two-week travel vacation. [Dckt. No. 39].

      Accordingly, Plaintiff's argument concerning delay on the part of Plaintiff is unsupported by the actual record.

**VI. Conclusion**

The undersigned remains prepared to move forward with Plaintiff's deposition via remote video teleconferencing on April 3, 2020 at 10:30 a.m. It should be noted that in Section B of Plaintiff's Motion for Protective Order, Plaintiff offers to appear for a deposition on April 14, 15, or 16, however, such dates are unreasonable given that the deposition transcript cannot be completed before the beginning of the dispositive motion practice date of April 20, 2020.

Should Plaintiff reconsider his position, Defendant is willing to take Plaintiff's deposition on April 6th or April 7th. Respectfully, the undersigned law firm would take Plaintiff's deposition later next week, however, the Passover holiday begins on April 9th, which is an observed religious holiday. Defendant can accommodate: (i) Wednesday, April 8, 2020; (ii) Friday, April 10, 2020; or (iii) Monday, April 13, 2020.

Meanwhile, should Plaintiff fail to appear for his duly noticed deposition on April 3, 2020 at 10:30 a.m., Defendant shall promptly file a motion to for contempt to strike Plaintiff's Complaint, pursuant to Fed. R. Civ. Pro. 41(b) and the Individual Motion Practice Rules of presiding Senior Judge I. Leo Glasser.

Thank you, in advance, for your time and attention.

                                        Respectfully submitted,

                                        LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                        By: */s/ Jason Mizrahi*
                                             Jason Mizrahi
                                             420 Lexington Avenue, Suite 2525
                                             New York, NY 10170
                                             Tel.: (212) 792-0048
                                             Email: Jason@levinepstein.com
                                             *Attorneys for Defendant*

Cc: All Parties via ECF