

**LAW OFFICES OF**
**WILLIAM CAFARO**

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
*www.cafaroesq.com*

*William Cafaro, Esq.*
*Partner*
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Matthew S. Blum, Esq.*
*Of Counsel*
ADMITTED IN NY
Email: *ablum@cafroesq.com*

*Deena L. Buchanan, Esq.*
*Of Counsel*
ADMITTED IN NM & NJ

July 8, 2020

<u>*Via ECF*</u>
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     Chincha v. Patel
        Case No.: 17-cv-06127-ILG-ST

Your Honor:

This firm represents Plaintiff Carlos Chincha in the above-referenced action.  We write in strong opposition to Defendant's request for an extension of time to file his opposition to our motion for reconsideration, which was filed on June 30, 2020.  As the Court knows, Plaintiff's motion for reconsideration arises out of an Order awarding fees and costs against defense counsel, Jason Mizrahi, and striking Plaintiff's deposition due to Mr. Mizrahi's deplorable behavior during Plaintiff's deposition which was held on April 23, 2020, including but not limited to tampering with microphones which altered the transcript and lying to the Court.  On June 25, 2020, Mr. Mizrahi asked the Court to extend Defendant's deadline to file an opposition to the motion for reconsideration to July 10, 2020.  Now, he asks the Court for more time.  His reasons are patently misleading.

When Mr. Mizrahi reached out to me today, he claimed that he needed an extension of time due to the July 4th weekend and "back-to-back mediations." *See* **Exhibit 1**.  I responded that we opposed his request, stressing that he had previously agreed to the July 10, 2020 deadline. *Id*.  I further mentioned that the July 4th weekend and his upcoming mediations should not prevent him from filing his opposition because he had known about the July 10th deadline for several days. *Id*.

Over an hour after I told him that we opposed his request, he came up with yet another excuse.  According to Mr. Mizrahi, he was/is waiting for a time-stamped copy of Plaintiff's deposition transcript, which apparently is "located on a laptop that has been confiscated by the TSA" and which is expected to be returned to the Court Reporter by the end of July 10, 2020. *See* **Exhibit**

**2**.  Naturally, I criticized Mr. Mizrahi for hiding this from me, especially during motion practice related to Mr. Mizrahi's brazen dishonesty to the Court and the undersigned. *Id*.  I then asked him to advise me of any other reason he could think of for needing the extension of time. *Id*.  He confirmed that none existed. *Id*.  We subsequently scheduled to speak on the phone in 10-15 minutes.

In the interim, I spoke with Andrew Zampella from US Legal - the Court Reporting Company that handled Plaintiff's deposition - who confirmed that Mr. Mizrahi had just today requested a time-stamped copy of the transcript and that it would not be available until at least late Friday afternoon. **He further confirmed that the time-stamped copy of the transcript would only show digital stamps of when the Court Reporter took down testimony/statements that she heard, but would logically not reflect anything for testimony/statements that she didn't hear.**  After this call, I emailed Mr. Zampella memorializing our conversation, and he acknowledged that my summary was entirely accurate. *See* **Exhibit 3**.

A few minutes later, I spoke to Mr. Mizrahi who conceded that this morning was the first time he made the request for the time-stamped copy of the transcript and claimed that it would arrive over the weekend. *See* **Exhibit 4**.  I reminded Mr. Mizrahi that at the May 26, 2020 discovery Your Honor stated that a time-stamped copy of the transcript was not probative because it wouldn't show where testimony had been excluded due to him tampering with the microphones:

> **MR. MIZRAHI**: The transcript is time stamped. You can look through the exact -- the transcript. Everything that was taken down, was taken down in note -- in noted times.

> **THE COURT**: Look, I haven't seen the whole transcript –

> **MR. MIZRAHI**: Which means -- which means –

> **THE COURT**: -- and I can't download it. However, the parts that I've seen have –

> **MR. MIZRAHI**: Which means -- which means that -- which means that any gaps in the transcript would have been missing within those time stamped gaps. So Mr. Leon is suggesting that there are entire paragraphs, or that entire statements –

> **THE COURT**: But the problem is not there's a gap in the transcript in the sense that the court reporter has a gap. The problem is, if you cut off somebody's mic, it's not being translated and it's not being transcribed. So there's not going to be a gap in the actual timing of the recording, because -- unless you were muting the court reporter, that's going to be the same. The problem is if you're muting and unmuting other people, then their statements are not being heard on the record, and I -- you know, the limited part of the transcript I've seen has numerous instances where somebody says, I can't hear; I'm being muted.

*See* **Exhibit 5,** 22:11-23:10.  Mr. Mizrahi conveniently replied that he did not recall what the Court had said.  Accordingly, we reiterated that we opposed his request for an extension of time.

Mr. Mizrahi is grasping at straws and once again hoping to mislead the Court.  Mr. Mizrahi agreed to this Friday's deadline, well before the July 4th weekend and scheduling his mediations. Despite insinuating to the Court that he already had a time-stamped copy of the transcript and that it disproved our allegations against him, it appears that he only requested it today.  **What's worse, he made his delayed request hoping to extend the July 10, 2020 deadline, even though the Court left clear that it is not relevant.**  Since the time-stamped copy of the transcript adds nothing to the motion for reconsideration and will only further delay this case, which is precisely what Mr. Mizrahi wants, we ask that the Court deny his request in its entirety.

We also ask the Court to limit Mr. Mizrahi' opposition to the motion for reconsideration to no more than three pages, as he has a history of greatly surpassing page limits set forth in Your Honor's Individual Rules.  Indeed, last April, Mr. Mizrahi filed an unnecessary, seven-page opposition to Plaintiff's simple Motion for Protective Order. [DE 55].  Not only did this opposition gratuitously regurgitate irrelevant disputes between counsel, Mr. Mizrahi did not bother asking the Court for permission to do so. *Id*.

If the Court decides to grant Mr. Mizrahi's request, we ask that the deadline to file our opposition to Defendant's motion for reconsideration be extended by the same length of time.

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____/s/_____
Louis M. Leon (LL 2057)

To: All Counsel *via* ECF