

*William Cafaro, Esq.*
*Partner*
ADMITTED IN NY, CA, MD & TX
Email: bcafaro@cafaroesq.com

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: akumar@cafaroesq.com

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
www.cafaroesq.com

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: lleon@cafaroesq.com

*Matthew S. Blum, Esq.*
*Of Counsel*
ADMITTED IN NY
Email: ablum@cafroesq.com

*Deena L. Buchanan, Esq.*
*Of Counsel*
ADMITTED IN NM & NJ

July 10, 2020

***Via ECF***
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: Chincha v. Patel
      Case No.: 17-cv-06127-ILG-ST

Your Honor:

  This firm represents the Plaintiff. We write in opposition to Defendant's "motion for *de novo* reconsideration" of the Court's May 28, 2020 Order (the "May 28th Order"). Defense counsel, Jason Mizrahi - who the Court determined lied and has "zero credibility" - fails to mention any material data or cite to any controlling decision, which the Court overlooked. Knowing this, he attempts to apply the wrong standard of review, address (for the first time) Plaintiff's substantive legal arguments, and recycle attacks against the undersigned. As Mr. Mizrahi's motion is devoid of merit, we ask that it be denied <u>and</u> that we be awarded fees and costs associated with having to oppose it.

  Mr. Mizrahi's contention that a *de novo* standard of review applies is unquestionably wrong. The May 28th Order was not made exclusively as a result of a telephone conference; it was made as a result of submissions by the parties, including letter motions with exhibits, and a telephone conference. Thus, the governing standard is that of a motion for reconsideration. "The applicable case law states that 'the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."' *Jericho Grp. Ltd. v. Mid- Town Dev. Ltd. P'ship*, 2015 U.S. Dist. LEXIS 148330, at *6 (E.D.N.Y. Nov. 2, 2015) (quoting *Shrader v. CSX Transport, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The motion should not be granted for the sole purpose of relitigating an already decided issue. *See Shrader*, 70 F.3d at 257.

1

Mr. Mizrahi's motion is a last-ditch effort to relitigate adjudicated issues. In our motion for sanctions, we outlined the legal basis for our requested relief under FRCP 30(d)(2), 28 U.S.C. § 1927, and the inherent authority of the Court. [DE 60]. In his opposition, Mr. Mizrahi briefly mentioned FRCP 30(d)(2), but never delved into it. [DE 63]. He never even bothered to address our analysis under 28 U.S.C. § 1927 and the Court's inherent authority. *Id*. Now, he attempts to discuss FRCP 30(d)(2) and 28 U.S.C. § 1927. Tellingly, he still doesn't discuss the Court's inherent authority.[1] As such, he cannot claim the Court ignored arguments he never made in the first place.

Even if the Court considers Mr. Mizrahi's new legal arguments, he does not point to controlling law that the Court overlooked. Regarding FRCP 30(d)(2), he argues the deposition was not materially impeded, delayed, or frustrated, stressing "nothing is missing; nothing is inaccurate; nothing is incomplete; and nothing is undeveloped." [DE 74]. This is patently false. As discussed in our motion for reconsideration, Mr. Mizrahi altered the transcript by turning off the microphones **on at least eight occasions**, causing prejudicial gaps in the transcript. [DE 76]. These eight instances are only the ones that we have been able to find as of today. Due to Mr. Mizrahi's conduct, it is impossible for Plaintiff to prove every instance in which he tampered with the microphones.

As for 28 U.S.C. § 1927, Mr. Mizrahi's legal analysis is entirely confusing. On the one end, he fails to provide any legal authority permitting him to turn off microphones during a remote deposition and to lie about it to a federal judge. Presumably because no such authority exists. On the other end, he argues his behavior is not sanctionable because he believed the undersigned was making improper speaking objections and because the transcript was not affected. However, this dispute is not about a single instance in which Mr. Mizrahi tampered with the microphones. He did it to the undersigned at least 2-3 times. He also repeatedly did it to Plaintiff, altering his testimony. And to top it all off, he lied to the Court about it, revealing his bad faith and nefarious intent.

Either way, Mr. Mizrahi's motion for reconsideration and opposition to the motion for sanctions largely focus on my conduct during Plaintiff's deposition. He essentially argues that because my behavior was allegedly improper, he should not be punished at all. In support of his position - for which he offers no controlling authority - he claims the Court would have arrived at a different conclusion if it had reviewed the entire transcript. This reasoning is obviously flawed.

In Mr. Mizrahi's opposition to our motion for sanctions, he accused the undersigned of acting unprofessionally, lodging baseless objections, and coaching the witness. He repeatedly cited to the transcript and quoted large chunks of colloquy. Assuming he accurately described the relevant excerpts, the Court didn't need to look at them. In any event, Mr. Mizrahi cited to **only 15-20 pages** (out of a total of 224 pages) in the transcript. Therefore, assuming the Court had access to the entire transcript prior to the discovery conference, it would have had no reason to aimlessly read through 200 plus pages. In other words, the ruling would have always been the same.

As for the accusations against me, Mr. Mizrahi excludes necessary context. Throughout the deposition, he repeatedly tried stopping me from making vital statements/objections and asked

---

[1] Mr. Mizrahi asks the Court to reconsider its ruling under FRCP 37(d) and 37(a)(5), although he already made similar arguments in his opposition papers and the Court never granted relief under those rules. Moreover, his point about an errata sheet is misplaced. Plaintiff's testimony isn't missing because the court reporter failed to take it down; it's missing because Mr. Mizrahi manipulated the Zoom application.

inappropriate, harassing questions concerning immigration status, taxes, government benefits, and other matters. He also incessantly asked poorly phrased questions. These are just a few examples:

1. Mr. Mizrahi repeatedly tried to stop me from making statements on the record confirming the deposition was not being video recorded and clarifying Plaintiff's daughter's role in the deposition. **Ex. 1**, 7:25-10:20.

2. I asked the translator to make sure she was translating all my objections, and she asked me to clarify whenever I was instructing my client not to respond. **Ex. 1**, 14:1-19. Mr. Mizrahi told her that Plaintiff would answer no matter what. *Id.*

3. I asked the translator to translate my objections, and Mr. Mizrahi directed her not to do so. **Ex. 1**, 15:6-17:8.

4. After Plaintiff responded to a question in English, I directed him to only respond in Spanish. **Ex. 1**, 28:2-16. Mr. Mizrahi demanded that I stop coaching him. *Id.*

5. Mr. Mizrahi asked Plaintiff where he currently lives. **Ex. 1**, 29:25-31:6. I objected as it was irrelevant and could elicit potentially harmful information from Plaintiff. Id.

6. Shortly after, he asked Plaintiff how he came to this country. **Ex. 1**, 31:24-32:4. I objected and instructed him not to answer that question. *Id.*

7. Mr. Mizrahi asked Plaintiff how he immigrated to America. **Ex. 1**, 32:5-25. I again instructed Plaintiff not to respond. *Id.* Shortly after, Mr. Mizrahi asked Plaintiff if he immigrated to this country alone. *Id.* at 33:10-16.

8. I noted for the record that one of Plaintiff's responses had been incorrectly translated, and the translator agreed with me and corrected her translation. **Ex. 1**, 34:11-35:6. Mr. Mizrahi attempted to stop me from making my statement on the record. *Id.*

9. Mr. Mizrahi continued asking Plaintiff irrelevant and harassing questions and directed the translator to stop translating my objections. **Ex. 1**, 37:3-38:9.

10. Mr. Mizrahi asked Plaintiff if he's ever filed taxes. **Ex. 1**, 67:12-68:14.

    Unsurprisingly, Mr. Mizrahi and I frequently bumped heads, leading to numerous exchanges and objections. I can assure the Court that my sole intention was to safeguard my client's interests and maintain the integrity of the deposition. Unlike Mr. Mizrahi, I apologize to the Court for any of my shortcomings that day. I should have found a better way to interact with Mr. Mizrahi and avoid unpleasant exchanges. I certainly should have found a better way to limit my involvement on the record. I will do better in the future. That said, Mr. Mizrahi's actions were inexcusable and he has failed to satisfy the standard for his motion. The Court should deny his motion in its entirety.

                                                                Respectfully submitted,
                                                                /s/
                                                            Louis M. Leon (LL 2057)