

# LAW OFFICES OF
# WILLIAM CAFARO

*William Cafaro, Esq.*
*Partner*
ADMITTED IN NY, CA, MD & TX
Email: bcafaro@cafaroesq.com

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: akumar@cafaroesq.com

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
www.cafaroesq.com

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: lleon@cafaroesq.com

*Matthew S. Blum, Esq.*
*Of Counsel*
ADMITTED IN NY
Email: ablum@cafroesq.com

*Deena L. Buchanan, Esq.*
*Of Counsel*
ADMITTED IN NM & NJ

July 15, 2020

<u>*Via ECF*</u>
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re: Chincha v. Patel
       Case No.: 17-cv-06127-ILG-ST

Your Honor:

  This firm represents the Plaintiff. We write in support of our motion for reconsideration, which we filed on 6/30/2020 and to which Jason Mizrahi filed a response on 7/10/2020. Although we are prohibited from filing a reply, Mr. Mizrahi's **eight-page opposition** relied exclusively on a time-stamped copy of Plaintiff's transcript, which he never previously introduced as evidence, preventing Plaintiff from being heard on it. Thus, we ask the Court to fully consider this submission.

  At the May 26, 2020 conference, Your Honor clearly stated that a time-stamped copy of the transcript was not probative because it wouldn't show where testimony had been excluded:

**MR. MIZRAHI**: The transcript is time stamped. You can look through the exact -- the transcript. Everything that was taken down, was taken down in note -- in noted times.

**THE COURT**: Look, I haven't seen the whole transcript –

**MR. MIZRAHI**: Which means -- which means –

**THE COURT**: -- and I can't download it. However, the parts that I've seen have –

**MR. MIZRAHI**: Which means -- which means that -- which means that any gaps in the transcript would have been missing within those time stamped gaps. So Mr. Leon is suggesting that there are entire paragraphs, or that entire statements –

1

> **THE COURT**: But the problem is not there's a gap in the transcript in the sense that the court reporter has a gap. The problem is, if you cut off somebody's mic, it's not being translated and it's not being transcribed. So there's not going to be a gap in the actual timing of the recording, because -- unless you were muting the court reporter, that's going to be the same. The problem is if you're muting and unmuting other people, then their statements are not being heard on the record, and I -- you know, the limited part of the transcript I've seen has numerous instances where somebody says, I can't hear; I'm being muted.

*See* **Exhibit 1,** 22:11-23:10.

Despite the Court already having ruled on this issue, Mr. Mizrahi argues that the time-stamped entries absolve him of any wrongdoing. However, the entries cannot show where he cut off my microphone, and they certainly cannot show where he did it to my client, who used an interpreter to testify. Indeed, the entries only purport to show when the Court Reporter took down the statements that she heard, not when they were actually made. If the Court Reporter did not hear a statement, she did not take it down, and there would be no trace or record of it.

As if this was not obvious enough, there are numerous examples of time entries being wrong, misleading, and/or incomplete. Focusing on the 14 pages of deposition transcript that we attached to our motion for reconsideration, some entries incorrectly recorded time in reverse. *See* **Exhibit 2**, 104:9-10, 106:4-10. Other entries show fragments of questions, testimony, and/or statements that were allegedly taken down in **one second**, but which were unquestionably made at different times and, in many instances, could not have been taken down so quickly by the Court Reporter. *Id*. at 77:18-19, 78:4-5, 83:8-9, 83:11-12, 84:21-24, 89:5-6, 89:22-23, 92:6-7, 94:14-15, 94:16-18, 102:2-8, 102:10-13, 103:6-7, 103:22-23, 104:3-7, 105:10-11, 105:16-17, 105:20-21, 106:14-15, 106:18-20. There are also numerous lines of testimony/statements that have no timestamps at all. *Id*. at 94:4-9, 102:3-7, 102:17:103:5, 104:11-22, 106:5-9, 106:11-13. These are only some examples from the 14 pages that we attached to our motion for reconsideration. There are many more.

The time-stamped transcript is a distraction. Despite insinuating to the Court that he already had it and that it disproved our allegations against him, Mr. Mizrahi waited for almost two months - until his opposition to our motion for reconsideration - to submit it to the Court, depriving us of the opportunity to address it in earlier submissions. Mr. Mizrahi was surely hoping that the Court would forget about the May 26th conference and that he would be able to sway it with misleading evidence. However, his claims are utterly baseless and offer nothing new for the Court to consider. As such, we ask that our motion for reconsideration be granted in its entirety.

Respectfully submitted,

_____/s/_____
Louis M. Leon (LL 2057)

2